UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J&S FLOWERS, et al.<br><br>    Defendants.<br>_____/ | NO. CIV. S-10-3006 KJM JFM<br><br><br><br><u>STATUS (PRETRIAL SCHEDULING)<br>ORDER; ORDER VACATING DEFAULT<br>AGAINST J & S FLOWERS & JOEL<br>SANCHEZ</u> |

Having reviewed the parties' Joint Status Report filed on April 20, 2012, the court makes the following orders:

I. <u>SERVICE OF PROCESS</u>

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown. Default has been entered against defendant Luz Maria Parra.

II. <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* FED. R. CIV. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

/////

/////

III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1367. Jurisdiction and venue are not disputed although defendant contends plaintiff lacks standing.

IV. DISCOVERY

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall be completed by **May 15, 2012**. All discovery shall be completed by **December 31, 2012**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

V. DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **January 31, 2013.** The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B). By **February 20, 2013**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject. The supplemental designation shall be accompanied by a written report which shall also comply with the conditions as stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were

promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  All expert discovery shall be completed by **March 15, 2013**.

VI.  MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **May 24, 2013**. The parties may obtain available hearing dates by calling Casey Schultz, the Courtroom Deputy, at (916) 930-4193.

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

    (a) The opposition and reply must be filed by 4:00 p.m. on the day due; and

    (b) When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

1  Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to
2  the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651,
3  652-53 (9th Cir. 1994).
4       The court places a page limit of twenty (20) pages on all moving papers, twenty (20)
5  pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must
6  be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the
7  motion.
8       The parties are reminded that a motion *in limine* is a pretrial procedural device designed
9  to address the admissibility of evidence.  The court will look with disfavor upon dispositional
10 motions presented at the Final Pretrial Conference or at trial in the guise of motions *in limine*.
11      <u>The parties are cautioned that failure to raise a dispositive legal issue that could have</u>
12 <u>been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date</u>
13 <u>may constitute waiver of such issue.</u>
14 VII.    <u>SEALING</u>
15      No document will be sealed, nor shall a redacted document be filed, without the prior
16 approval of the court.  All requests to seal or redact shall be governed by Local Rules 141
17 (sealing) and 140 (redaction); protective orders shall not govern the filing of sealed or redacted
18 documents on the public docket.  The court will only consider requests to seal or redact filed by
19 the proponent of sealing or redaction.  If a party plans to make a filing that includes material an
20 opposing party has identified as confidential and potentially subject to sealing, the filing party
21 shall provide the opposing party with sufficient notice in advance of filing to allow for the
22 seeking of an order of sealing or redaction from the court.
23 VIII.   <u>FINAL PRETRIAL CONFERENCE</u>
24      The Final Pretrial Conference is set for **July 25, 2013**, at 3:30 p.m.  At least one of the
25 attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial
26 Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable
27 to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with
28 the case and equal authorization to make commitments on behalf of the client.

1   Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial
2 Conference, with no matters remaining to be accomplished except production of witnesses for
3 oral testimony.  The parties shall confer and  file a joint pretrial conference statement by .  The
4 provisions of Local Rule 281 shall apply with respect to the matters to be included in the joint
5 pretrial statement. In addition to those subjects listed in Local Rule 281(b), the parties are to
6 provide the court with a plain, concise statement that identifies every non-discovery motion
7 tendered to the court and its resolution.
8   Failure to comply with Local Rule 281, as modified by this order, may be grounds for
9 sanctions.
10   <u>Concurrently with the filing of the Joint Final Pretrial Conference Statement, counsel
11 shall submit to chambers the word processing version of the statement, in its entirety (including
12 the witness and exhibit lists) to</u>:  kjmorders@caed.uscourts.gov.
13   The parties shall, in a concise manner, jointly identify only undisputed core facts
14 separately that are relevant to each claim.  Disputed core facts should then be identified in the
15 same manner.  The parties are reminded not to identify every fact in dispute but only those
16 disputed facts that are essential to the formulation of each claim.  Each disputed fact and
17 undisputed fact should be separately numbered or lettered.  Where the parties are unable to agree
18 what are the core disputed facts, they should nevertheless list core disputed facts in the above
19 manner.
20   Each party shall identify and concisely list each disputed evidentiary issue which will be
21 the subject of a party's motion *in limine*.
22   Each party shall identify the points of law which concisely describe the legal issues of the
23 trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect
24 issues derived from the core undisputed and disputed facts.  Parties shall not include argument or
25 authorities with any point of law.
26   The parties shall prepare a joint statement of the case in plain concise language which
27 will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to
28 inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to attach to the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they propose to offer at trial. After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ". However, if the amount of defendant exhibits exceeds "ZZ" exhibits shall be then listed as A-3, A-4, A-5 etc. All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>. The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter. The parties are encouraged to consult concerning exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-1, JX-2.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later than 3:00 p.m. on the Friday before trial.

Discovery documents to be listed in the pretrial statement shall not include documents which will be used only for impeachment and in rebuttal.

6

1	The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil
2	Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the
3	formulation and simplification of issues and the elimination of frivolous claims or defenses; (b)
4	the settling of facts that should properly be admitted; and © the avoidance of unnecessary proof
5	and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial
6	Conference Statement and participate in good faith at the Final Pretrial Conference with these
7	aims in mind.[1]  A failure to do so may result in the imposition of sanctions which may include
8	monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other
9	sanctions as the court deems appropriate.

## IX.    TRIAL SETTING

A court trial is set for **August 26, 2013** at 9:00 a.m.  The parties estimate a trial length of approximately three days.  Trial briefs are due by **August 12, 2013**.

## X.    SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event that an earlier settlement conference date or referral to the Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing.  Because the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.  However, the parties may not request referral to VDRP or a judge-convened settlement conference until the court receives, in writing from both parties, a status report describing what steps they have taken to settle the case on their own and a representation that they have exhausted other settlement possibilities.  The parties have agreed to the trial judge acting as settlement judge.

/////

---

[1] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d 866, 868-69 (9th Cir. 1985).

XI.     MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

XII.    OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

XIII.   OTHER MATTERS

On April 19, 2011 the Clerk of the Court entered default against Joel Sanchez and J & S Flowers, but these defendants have now appeared.  Accordingly, the default against these parties (ECF No. 11) is hereby vacated.

IT IS SO ORDERED.

DATED:  May 2, 2012.

_____
UNITED STATES DISTRICT JUDGE